WEIMER, J., dissenting.
 

 Because I find that the language of La. C.C.P. art. 971 is clear and unambiguous, and its application does not lead to absurd consequences, I respectfully dissent.
 

 The issue presented in this case is whether a defendant,
 
 [1]
 
 moving specially under La. C.C.P. art. 971 to strike a plaintiff's demand for defamation, arising out of a written statement made in a judicial proceeding, must additionally demonstrate that the statement concerned an issue of public significance. The majority answers this question in the affirmative. I disagree, believing the conclusion is supported neither by the plain language of the article, the rules of statutory construction, nor the expressed intent of the legislature.
 

 Plain Language
 

 As the majority acknowledges, the interpretation of a legislative enactment begins with the language of the statute itself.
 
 Shelton v. Pavon
 
 , 17-0482, op. at ---- (La. 10/18/17);
 
 Duckworth v. Louisiana Farm Bureau Mutual Ins. Co.
 
 , 11-2835, p. 12 (11/2/12),
 
 125 So.3d 1057
 
 , 1064.
 

 In this case, the language of La. C.C.P. art. 971 is strikingly clear. It encompasses the plaintiff's claim for defamation arising out of written statements made in a judicial proceeding without any separate "public issue" requirement.
 

 Louisiana C.C.P. art. 971(A) makes subject to the special motion to strike "[a] cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States or Louisiana Constitution in connection with a public issue." For purposes of this provision, an " '[a]ct in furtherance of a person's right of petition or free speech under the United States or Louisiana Constitution in
 connection with a public issue,' " is defined to include "
 
 [a]ny
 
 written or oral statement or writing made before a legislative, executive, or judicial proceeding, or any other official proceeding authorized by law." La. C.C. P. art. 971 (F)(1)(a) (emphasis supplied). Thus, plainly read, La. C.C.P. art. 971 encompasses a cause of action against a person arising from
 
 any
 
 statement made in a judicial proceeding. I find there is nothing ambiguous about this language. Apart from noting there is a split among the courts of appeal as to the proper interpretation of the code article, no authority, legal or grammatical, is provided for the conclusion that the language of La. C.C.P. art. 971(F)(1)(a) is ambiguous. Quite the opposite: the finding of ambiguity results solely from the decision of some courts to insert qualifying language
 
 not present
 
 in La. C.C.P. art. 971(F)(1)(a) -the phrase "in connection with a public issue"-to otherwise clear and straightforward language.
 

 Perhaps recognizing the thin thread upon which the finding of ambiguity rests, the conclusion reached in the opinion is that a literal reading of the codal provision "can lead to absurd results" because its application could extend beyond matters of "public significance" into purely private concerns.
 
 Shelton
 
 , op. at ----. However, the legislative response to this objection is found in the plain language of the provision itself: pursuant to La. C.C.P. art. 971(F)(1) and (1)(a),
 
 any
 
 written or oral statement or writing made before or in connection with a judicial proceeding is
 
 by definition
 
 an "[a]ct in furtherance of a person's right of petition or free speech under the United States or Louisiana Constitution
 
 in connection with a public issue
 
 ." (Emphasis added). As noted by Judge McDonald in his concurrence in
 
 Aloise v. Capital Mgmt. Consultants, Inc.
 
 , 16-1174, p. 1 (La.App. 1 Cir. 4/12/17),
 
 2017 WL 1378223
 
 ,
 
 unpub'd
 
 ., and quoted by the majority:
 

 Article 971(F)(1)(a) and (b) statutorily define a protected act to include statements made before a judicial proceeding or in connection with an issue under consideration by a judicial body-that is, statements made during the course of litigation or in connection with an issue under consideration in litigation. So, it appears that the right to litigate is in itself a matter of public concern.
 

 Although, technically, this matter involves a plaintiff-in-reconvention and a defendant-in-reconvention, for simplification, we use plaintiff and defendant.